VOLNEY A. SPRAGUE *vs.* INHABITANTS OF FRANKFORT.

*Assignment—parol.*

At a legal meeting held Jan. 28, 1865, the defendant town voted a bounty of $300 to each person regularly mustered into the military service of the U. S., as a substitute for an enrolled man, and counted on the town's quota; and at a meeting held February, 1865, the vote was reconsidered. At a meeting held March, 1865, they voted a bounty of $300 to any enrolled man who should furnish a substitute. The plaintiff, thereupon, in accordance with a parol agreement with one Clark, in consideration of $600, entered the service as his substitute, Clark to have all the plaintiff's bounties. The last two meetings having been decided by the full court to be illegal, one Treat procured a written assignment of the plaintiff's claim to a bounty from the town, with full knowledge of the parol assignment to Clark, and brought this action to recover the bounty under vote of January, 1865. *Held,* That the parol assignment was valid ; and that the action could not be maintained.

ON REPORT.

ASSUMPSIT by Russel A. Treat, in the name of the plaintiff, on a vote of the defendant town, passed at a legal meeting held on Jan. 28, 1865, whereby they voted :

'That the selectmen are hereby authorized and empowered to pay an enlistment bounty of three hundred dollars in addition to any bounty the State or United States may pay, to each and every person who shall be regularly mustered into the military or naval service of the United States as a volunteer, or as substitute for an enrolled or drafted man, and counted on the quota of this town, under the late call of the president of the United States for three hundred thousand men.'

At a meeting of the defendants held Feb. 8, 1865, the town voted : ' To reconsider the doings of the town at their meeting of the 28th January, 1865.'

At a meeting held March 6, 1865, the town voted to pay any person who may furnish a substitute, etc., $300.

In April, 1865, one Rogers, in behalf of John C. Clark, hired .

the plaintiff to go into the U. S. military service as the substitute of Clark. He offered the plaintiff $500, suggesting that he would probably draw a bounty additional; but finally the parties agreed that the plaintiff should receive from Clark $600 cash, and Clark to have all bounties. Thereupon the money was paid and the plaintiff was duly mustered and credited upon the defendants' quota and received from Clark $600.

In 1867, this court in *Clark* v. *Wardwell*, 55 Maine, 61, decided that the meetings of February and March were illegal.

On Nov. 29, 1870, the plaintiff, in consideration of $10, made a written assignment to Russel A. Treat, of ' all his right to recover of the town of Frankfort the sum of $300, for a bounty voted by said town, for being mustered into the military service of the United States for 1865, and counted upon the quota of said town.' But before executing the assignment he informed Treat that he had no claim against the town, but that whatever claim there was belonged to the person whose substitute the plaintiff was.

The testimony was quite voluminous, and somewhat conflicting. The case was withdrawn from the jury and reported to the full court who were to render legal judgment.

*N. H. Hubbard*, for the plaintiff.

*N. Abbott*, for the defendants.

KENT, J. It is admitted that the plaintiff had a legal claim for three hundred dollars against the defendants. He is entitled to recover, unless it has been paid, or the town released. He makes no claim to it for his own use and benefit, he having assigned ·to Russel A. Treat on Nov. 29, 1870, all his right to recover of the town the sum of three hundred dollars, voted as a bounty to him for having been mustered in as a soldier of the United States and counted on the quota of the town. This action is brought for the benefit of Treat.

But it clearly appears from the evidence that Sprague had before, by parol, assigned to another all claim to this or any other

bounty, in consideration of six hundred dollars, paid to him by the person as whose substitute he entered the army. The evidence leaves no doubt on our minds, that it was distinctly agreed by the nominal plaintiff, that he would and did release and assign to the other party to the agreement, all claim and right to any bounty to be paid by the town, which might be payable under any vote.

Treat had sufficient notice that Sprague so regarded it and that he made no claim in his own right, when, after long-continued effort, he obtained this subsequent assignment for the consideration of ten dollars.

The town has paid or satisfied the first assignee. The only question before us is, whether the action can be maintained for the use of Treat, in the name of the plaintiff. We think it cannot be. *Judgment for the defendant.*

APPLETON, C. J.; WALTON, DICKERSON, BARROWS, and DANFORTH, JJ., concurred.